FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JUN 1 6 2026

TAMMY H. DOWNS, CLERK

By:_____
                    DEP CLERK

ICE NINE PUBLISHING COMPANY, INC.                           PLAINTIFF

V.                          CASE NO. 4:26-cv-601-LPR

REVOLUTION ENTERTAINMENT GROUP, LLC;              DEFENDANTS
and SUZON AWBREY

## COMPLAINT

Plaintiff Ice Nine Publishing Company, Inc., for its complaint against defendants Revolution Entertainment Group, LLC and Suzon Awbrey, states:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3.      Plaintiff alleges three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiff's copyrighted musical compositions.  SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiff, its copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.      The Plaintiff named in Column 2∗ is the owner of the copyrights in the original musical compositions listed in Column 3.

5.      On information and belief, Defendant Revolution Entertainment Group, LLC

---

∗ All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Kearney

("REG") is a limited liability company organized under the laws of the State of Arkansas with principal offices located at 300 President Clinton Avenue, Little Rock, Arkansas 72201.

6.     At all times hereinafter mentioned, REG did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Revolution Music Room, located at 300 President Clinton Avenue, Little Rock, Arkansas 72201.

7.     Musical compositions were and are publicly performed at Revolution Music Room.

8.     On information and belief, defendant Suzon Awbrey ("Awbrey," and together with REG, the "Defendants") is an individual who resides and/or does business in this district.

9.     At all times hereinafter mentioned, Awbrey was, and still is, a member, officer, director, and/or principal of REG.

10.     At all times hereinafter mentioned, Awbrey was, and still is, responsible for the control, management, operation and maintenance of the affairs of REG.

11.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Revolution Music Room, including the right and ability to supervise and control the public performance of musical compositions at Revolution Music Room.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Revolution Music Room.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S COPYRIGHTED MUSICAL COMPOSITIONS

13.     The Plaintiff is a member of the American Society of Composers, Authors, and

Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly one million songwriter, composer, and music publisher members.

14.    Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.    Going back several years, ASCAP representatives have made more than one hundred attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Revolution Music Room.  ASCAP has contacted Defendants by phone, by mail, and by e-mail.

16.    Defendants have refused all of ASCAP's license offers for the Revolution Music Room.

17.    ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Revolution Music Room constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18.    Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Revolution Music Room, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19.    The original musical compositions listed in Column 3 of SCHEDULE A were

created and written by the persons named in Column 4.

20.     The original musical compositions listed in Column 3 of SCHEDULE A were registered as unpublished works on the dates state in Column 5, and since the date of registration, have been printed and published in conformity with Title 17 of the United States Code.

21.     The Plaintiff named in each cause of action, including its predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified in Column 6.

22.     The original musical compositions listed in Column 3 of SCHEDULE A are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

23.     Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Revolution Music Room.

24.     The public performances at Revolution Music Room of the Plaintiff's copyrighted musical compositions on the dates specified in Column 9 were unauthorized.

25.     At the times of the acts of infringements complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein names.

26.     Neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from the Plaintiff, ASCAP,

4

or any agent, servant, or employee of the Plaintiff, to give such performances.

27.    Defendants knowingly and intentionally infringed Plaintiff's copyrights.

28.    Unless enjoined, Defendants intend to and will continue such infringing performances.

29.    Defendants' wrongful acts have caused and are causing injury to the Plaintiff, which damage cannot be accurately computed, and unless this Court restrains the Defendants from continuing to offer unlicensed public musical performances, Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

WHEREFORE, Plaintiff prays:

I.    That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any other compositions in the ASCAP repertory for which Defendants have no license -- and from causing or permitting the said compositions or any other compositions in the ASCAP repertory to be publicly performed at Revolution Music Room, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.    That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.    For such other and further relief as may be just and equitable.

Respectfully submitted:

Richard Blakely Glasgow (2009157)
*Attorneys for Plaintiff*
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201
(501) 371-0808
FAX: (501) 376-9442
bglasgow@wlj.com

# SCHEDULE A

**Schedule A**

Columns

| 1 Cause of Action | 2 Plaintiff(s) | 3 Musical Composition | 4 Writer(s) | 5 Date of Publication or Registration | 6 Certificate of Registration Number | 7 Renewal Claimant | 8 Renewal Certificate Date and Number | 9 Date of Known Infringement |
|---|---|---|---|---|---|---|---|---|
| 1. | ICE NINE PUBLISHING COMPANY, INC. | RIPPLE | Jerome J. Garcia<br><br>Robert C. Hunter | January 8, 1971 | EU 226866 | Ice Nine Publishing Company, Inc. (Proprietor of copyright in a work made for hire) | RE 652-683 July 30, 1999 | December 27, 2025 |
| 2. | ICE NINE PUBLISHING COMPANY, INC. | DARK STAR | Jerome J. Garcia<br><br>Michael S. Hart<br><br>William Kreutzmann<br><br>Philip Lesh<br><br>Ronald C. MacKernan<br><br>Robert H. Keir<br><br>Robert C. Hunter | October 5, 1971 | EU 279122 | Ice Nine Publishing Company, Inc. (Proprietor of copyright in a work made for hire) | RE 652-630 July 30, 1999 | December 27, 2025 |
| 3. | ICE NINE PUBLISHING COMPANY, INC. | UNCLE JOHN'S BAND | Jerome J. Garcia<br><br>Robert C. Hunter | September 4, 1970 | EU 203889 | Ice Nine Publishing Company, Inc. (Proprietor of copyright in a work made for hire) | RE 797-373 October 26, 1998 | December 27, 2025 |